1  Marc J. Randazza, NV Bar # 12265
   Ronald D. Green, NV Bar #7360
2  J. Malcolm DeVoy IV, NV Bar #11950
   Randazza Legal Group
3  6525 W. Warm Springs Road, Suite 100
   Las Vegas, NV 89118
4  888-667-1113
   305-437-7662 fax
5  ecf@randazza.com
6
7  Attorneys for Plaintiffs
   ViaView, Incorporated, and
8  CheaterVille, Incorporated.

9                    **UNITED STATES DISTRICT COURT**

10                       **DISTRICT OF NEVADA**

11
   VIAVIEW, INCORPORATED, a Delaware          )   Case No. _____
12 corporation; and CHEATERVILLE,             )
   INCORPORATED, a Delaware corporation,      )   **COMPLAINT**
13                                            )
14                    Plaintiffs,             )   **1.  VIOLATION OF 15 U.S.C. § 1125(a)**
                                              )   **2.  VIOLATION OF 17 U.S.C. § 1202 (a)**
15            vs.                             )   **3.  VIOLATION OF 17 U.S.C. § 1202 (b)**
                                              )   **4.  UNJUST ENRICHMENT**
16 "BADBOYREPORT.COM," an unincorporated      )   **5.  INJUNCTIVE RELIEF**
   association; VERISIGN, INCORPORATED, a     )
17 Delaware Corporation (injunctive Defendant )
   only); PAYPAL, INCORPORATED, a California  )   **JURY TRIAL DEMANDED**
18 Corporation (injunctive Defendant only); and )
   JOHN DOES # 1-5.                           )
19                                            )
20                    Defendants.             )
                                              )
21 _____)

22                          **<u>COMPLAINT</u>**

23        For its Complaint against Defendants BadBoyReport.com, VeriSign Incorporated, PayPal

24 Incorporated, and John Does # 1-5, Plaintiffs ViaView, Incorporated ("ViaView") and

25 CheaterVille, Incorporated ("Cheaterville"), collectively the "Plaintiffs" and individually a

26 "Plaintiff," complain and allege as follows:

27 \\

28 \\

                                    1

# I. NATURE OF ACTION

Defendant BadBoyReport.com ("BadBoyReport") has violated, and continues to violate, Plaintiffs' intellectual property and common law rights.  CheaterVille is an online publishing and social networking company[1] that operates the CheaterVille website.  BadBoyReport has decided to compete with CheaterVille.  It does so by waiting for content to be published on CheaterVille, and then BadBoyReport immediately copies the content from CheaterVille's website.  BadBoyReport then republishes it on its own website.  BadBoyReport initially did this by an automated process known as "scraping."[2]

To try to put an end to this conduct, CheaterVille employed technological maneuvers to make scraping difficult or impossible.  BadBoyReport changed its scraping methods each time CheaterVille did so.  Finally, when CheaterVille resorted to extreme measures, BadBoyReport simply manually copied all of CheaterVille's materials.  Plaintiffs are left with no alternatives short of litigation.

BadBoyReport's conduct is conscious and deliberate, as the data it copies from CheaterVille is displayed bearing CheaterVille's trademarks, copyright management information, and even Plaintiff's original formatting.  BadBoyReport not only copies all of CheaterVille's content, but circumvents all of CheaterVille's anti-copying and anti-scraping measures.

BadBoyReport facilitates its unauthorized use of CheaterVille's proprietary and licensed intellectual property through Defendants VeriSign Incorporated ("VeriSign") and PayPal Incorporated ("PayPal").  BadBoyReport uses a ".com" top-level domain name provided through VeriSign as the operator of the .com registry.  With the aid of this top-level domain name, BadBoyReport obtains its Internet traffic from the United States – all parties' primary market. BadBoyReport then uses PayPal to monetize this Internet traffic.

---

[1] Cheaterville is a subsidiary of ViaView, Incorporated, which owns a number of Internet properties including BullyVille and SlingerVille, located at <bullyville.com> and <slingerville.com>, respectively.

[2] A computer technique, that usually uses software, to pull information from websites.

Plaintiffs bring this action against the Defendants for violations of the federal Lanham and Copyright Acts and Nevada common law to remedy BadBoyReport's ongoing theft of its valuable and proprietary content.  CheaterVille further seeks to recover the lost revenues BadBoyReport's theft and misappropriation has deprived CheaterVille from earning.  To accomplish this goal, Plaintiffs seek an injunction against BadBoyReport's operations, and for VeriSign and PayPal to be preliminarily and permanently enjoined from supplying their services to BadBoyReport.

## II. JURISDICTION

1.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

2.      This Court has personal jurisdiction over Defendant VeriSign based upon its conduct operating the .com top-level domain registry, which is available on the World Wide Web and available to residents of the State of Nevada.  By operating the .com registry, through which all .com domain names are registered, VeriSign knows or reasonably foresees that its provision of domain names will cause injury to Plaintiffs within the State of Nevada.

3.      Moreover, by operating the .com registry, VeriSign provides a service so integral to the Internet that it is sufficient to constitute general jurisdiction within the State of Nevada.

4.      This Court has personal jurisdiction over Defendant PayPal based on its provision of payment transmission services within the State of Nevada.  PayPal holds a Money Transmitter License from the State of Nevada Department of Business and Industry (License Number MT11010), and reasonably foresaw that its conduct could cause harm within the State of Nevada. Based on PayPal's licensure by the State of Nevada's Department of Business and Industry and scale of contacts within Nevada, it is also subject to the Court's general jurisdiction.

5.      This Court has personal jurisdiction over Defendant BadBoyReport under Federal Rule of Civil Procedure 4(k)(2).  On information and belief, the presently unknown operator(s) of BadBoyReport reside within the Republic of South Korea and may therefore be sued in any United States District Court.

6.     BadBoyReport has sufficient contacts with the United States to make this Court's exercise of personal jurisdiction over the company reasonable.  BadBoyReport.com has entered into business relationships with VeriSign and PayPal, two United States-based companies, in order to conduct its business within the United States and realize revenues from its operations.

7.     According to Alexa, BadBoyReport receives more than 30% of its Internet traffic from the United States.  On information and belief, BadBoyReport receives significant revenue from advertising and PayPal donations from this U.S.-based traffic.

8.     BadBoyReport has further directed its tortious activity into the United States by deliberately and affirmatively copying Plaintiff's proprietary and original content off of the CheaterVille site and displaying it, with the unauthorized use of Plaintiff's mark, on the BadBoyReport website.

9.     Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) and (c), as both Plaintiffs reside within this District.  Venue lies before the unofficial Las Vegas division of this Court.

### III. PARTIES

10.     Plaintiff CheaterVille is a Delaware corporation with its principal place of business in Las Vegas, Nevada.  Since February 14, 2011, it has operated the website Cheaterville.com, acquiring trademark rights in the mark "CheaterVille" and its associated marks, and owns other proprietary and licensed intellectual property in the CheaterVille site.

11.     Plaintiff ViaView is a Delaware corporation with its principal place of business in Las Vegas, Nevada.  ViaView is the parent company of CheaterVille, and current owner of the CHEATERVILLE.COM mark.

12.     Defendant BadBoyReport is a foreign unincorporated association.  Based upon the registrant information available for <badboyreport.com> and upon information and belief, Plaintiff alleges that BadBoyReport is based in the Republic of South Korea.

13.     Defendant VeriSign is a Delaware corporation with places of business in Virginia and California.  VeriSign administers and controls the registry for the .com top-level domain, which BadBoyReport uses in the course of its unlawful conduct.  VeriSign is not accused of direct

1  wrongdoing and is a Defendant in this action only so that injunctive relief may be obtained.
2  Neither damages nor attorneys' fees are sought against VeriSign at this time, and they are not
3  anticipated to be sought at any time in the future.

4       14.     Defendant PayPal is a California corporation with its principal place of business in
5  California.  PayPal provides online payment processing services for third parties' donations to
6  BadBoyReport and, upon information and belief, provides payment-processing services for other
7  revenues BadBoyReport realizes in conjunction with its site.  PayPal is not accused of direct
8  wrongdoing and is a Defendant in this action only so that injunctive relief may be obtained.
9  Neither damages nor attorneys' fees are sought against PayPal at this time, and they are not
10  anticipated to be sought at any time in the future.

11  **IV. ALLEGATIONS COMMON TO ALL COUNTS**

12       15.     CheaterVille owns and licenses all of the content found on the <cheaterville.com>
13  website, and operates the site.  CheaterVille owns valuable common law trademark rights in the
14  CheaterVille mark, some of which have been licensed or transferred to its corporate parent,
15  ViaView.

16       16.     ViaView is the owner of the rights in the trademark "CHEATERVILLE.COM",
17  bearing Registration Number 4,236,331 in the United States Patent and Trademark Office.

18       17.     Since February 2011, CheaterVille's website has operated by allowing users to
19  create accounts with the service, and then create profiles for known "cheaters" – individuals who
20  have been involved with violating the fidelity of an exclusive relationship – with user-generated
21  written, visual, and audiovisual content.

22       18.     CheaterVille permits subjects of its reports to rebut the allegations.  They may either
23  post a rebuttal, or they may file a defamation action against the poster.  If the content is deemed to
24  be untrue, CheaterVille removes it.

25       19.     Because litigation is expensive and time-consuming, CheaterVille has agreed to
26  adhere to Alternative Dispute Resolution ("ADR") finders as well as court orders.  At least two
27  independent ADR services hear complaints from CheaterVille subjects and issue ADR orders to
28  CheaterVille, and CheaterVille adheres to their findings.  As an added means of affording

deference to anyone wrongly accused, CheaterVille deems an arbitration default to be sufficient cause to remove a post.

20.    BadBoyReport, on the other hand, steals the content and will only remove a post if it is paid $499.  Even posts that have been adjudicated as false or defamatory remain up, unless the target pays $499, which is collected through a U.S. PayPal account.

21.    Members of the CheaterVille website grant CheaterVille a license to use this user-uploaded content on its site.  Neither BadBoyReport nor any other website or company has obtained a license to use or display this user-generated content from CheaterVille.

22.    BadBoyReport copied the source code and content of more than 1,600 "cheater" profiles from Cheaterville, retaining the formatting of the cheaters' vital statistics, and now displays this information on its website.

23.    BadBoyReport engaged in this wholesale copying of the content on the CheaterVille website, commonly referred to as "scraping," without CheaterVille's consent.  On information and belief, BadBoyReport conducted its scraping using both automated tools and individual labor, including the manual copying of content and formatting elements from the CheaterVille website to be displayed upon BadBoyReport's site.

24.    As part of scraping and republishing CheaterVille's original and licensed content, BadBoyReport displays images that CheaterVille's members uploaded and licensed to the company.   These photographs bear CheaterVille's stylized "CV" logo, which designate CheaterVille as the images' source.

25.    BadBoyReport scraped CheaterVille's original and licensed content and uses CheaterVille's trademarks in commerce for the purpose of attracting additional Internet traffic to its site.  This increased traffic results in proportionally greater advertising revenue for BadBoyReport.

26.    Additionally, the increased traffic BadBoyReport realizes from displaying its unlawfully obtained content from Cheaterville and using its trademarks in commerce without authorization leads to an increased number of removal fees, costing customers of Slander911 at least $499, and donations third parties make to BadBoyReport through PayPal, as compared to the donations BadBoyReport would received without using Cheaterville's intellectual property.

27.     On information and belief, BadBoyReport keeps all of the $499 removal fee obtained from Slander911, which is believe to have the same ownership as BadBoyReport.

**First Claim for Relief: Violation of 15 U.S.C. § 1125(a)**

**(By Both Plaintiffs Against BadBoyReport)**

28.     Plaintiffs repeat and reallege all preceding paragraphs as if set forth in full herein.

29.     Defendant BadBoyReport is using Plaintiffs' stylized "CV" trademark in commerce, and within the same market CheaterVille and ViaView serve with the CheaterVille website: The public disclosure of information about individuals who cheat while in relationships.

30.     By using Plaintiffs' stylized "CV" trademark with the knowledge that Plaintiffs own, have used, and continue to use this trademark in the United States and around the world, BadBoyReport has intended to cause confusion, cause mistake, or deceive consumers, and has in fact caused actual confusion as to the Plaintiffs' ownership of, endorsement of, or connection to BadBoyReport.

31.     BadBoyReport is using a mark that is *identical* to CheaterVille's stylized "CV" trademark in connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion, cause mistake, or deceiver consumers as to affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of BadBoyReport's services or commercial activities by CheaterVille or ViaView.

32.     BadBoyReport's use of CheaterVille's stylized "CV" mark has created a likelihood of confusion among consumers who may falsely believe that BadBoyReport's infidelity-related business and website are associated with CheaterVille and ViaView's business or website, or that CheaterVille or ViaView approves of or sponsors BadBoyReport's services or commercial activities.

33.     CheaterVille and ViaView have suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation and goodwill s a direct and proximate result of Defendants' infringement.

\\

\\

**Second Claim for Relief: Violation of 17 U.S.C. § 1202(a)**

**(By CheaterVille Against BadBoyReport)**

34.     CheaterVille repeats and realleges all preceding paragraphs as if set forth in full herein.

35.     BadBoyReport placed CheaterVille's licensed content and original configurations of that content on the BadBoyReport website with false copyright management information.

36.     Despite the information scraped by BadBoyReport being CheaterVille's, the BadBoyReport website proudly displays the "BadBoyReport!" logo at the top of each web page.

37.     BadBoyReport purports to be the source of this content within its "about" page, which claims that "BadBoyReport.com is designed to help guys and gals avoiding bad dates with cheaters and dangerous people," and that "at BadBoyReport.com our mission is to give everyone the opportunity to tell the world about how the cheater did them wrong."

38.     BadBoyReport, however, intentionally copied hundreds of cheater profiles from CheaterVille, in order to pass them off as BadBoyReport's.

39.     BadBoyReport added its own logo and terms of service to each web page where CheaterVille's copied content appears in order to enable, facilitate, and conceal its infringement of CheaterVille's original and licensed content.

**Third Claim for Relief: Violation of 17 U.S.C. § 1202(b)**

**(By CheaterVille Against BadBoyReport)**

40.     CheaterVille repeats and realleges all preceding paragraphs as if set forth in full herein.

41.     BadBoyReport copied hundreds of CheaterVille's cheater profiles, which contained original and licensed content belonging to CheaterVille, without Plaintiff's knowledge or consent.

42.     BadBoyReport then republished these profiles – more than 1600 in total – on its website without any mention of CheaterVille.   BadBoyReport maintained CheaterVille's formatting of the data, but eliminated the Plaintiff's name from the unlawfully copied content, and further removed any mention of the terms of service governing use of CheaterVille's content that were available on every one of CheaterVille's webpages.

43.   BadBoyReport intentionally removed this information from the content it copied off CheaterVille's website in order to enable, facilitate, and conceal its ongoing infringement of CheaterVille's content.

44.   By removing CheaterVille's terms of service, and every other removable reference to Plaintiff, BadBoyReport sought to evade CheaterVille's detection of its unlawful acts, and deceive Internet visitors into believing that BadBoyReport – not CheaterVille – was and is the original source of the written and visual content they encounter on the BadBoyReport website.

## Fourth Claim for Relief: Unjust Enrichment

### (By Both Plaintiffs Against BadBoyReport)

45.   Plaintiff repeats and realleges all preceding paragraphs as if set forth in full herein.

46.   Plaintiff conferred a benefit upon BadBoyReport by making its website, CheaterVille, available to Internet visitors.  Due to the Internet's very nature, visitors including BadBoyReport are able to download and archive data from CheaterVille for their own use.

47.   BadBoyReport used this benefit to systematically copy CheaterVille's user-uploaded content, complete with CheaterVille's watermarks and original formatting, and republish this content virtually unaltered on its website.

48.   BadBoyReport obtained valuable Internet traffic and advertising revenue from its copying and use of CheaterVille's original content, yet has not paid Plaintiff any royalty, licensing fee, or other benefit for its unauthorized use of CheaterVille's content.

49.   As BadBoyReport has earned revenue and profited from the unauthorized copying and theft of CheaterVille's content, allowing BadBoyReport to retain the Internet traffic and monetary earnings it has obtained through using CheaterVille's original content would be inequitable.

## Fifth Claim for Relief: Injunctive Relief

### (By Both Plaintiffs Against BadBoyReport, VeriSign, and PayPal)

50.   Plaintiffs repeat and reallege all preceding paragraphs as if set forth in full herein.

51.   Each of the Defendants has, under its possession or control, instrumentalities of and proceeds from its and other Defendants' unlawful conduct, and evidence of these tortious acts.

52.     Defendant PayPal has care, custody, and control of at least one money-bearing account owned by BadBoyReport.   The funds in this account, and any other accounts BadBoyReport maintains with PayPal, represents that Defendant's ill-gotten gains earned from the infringement of CheaterVille's intellectual property rights.

53.     Defendant VeriSign controls the top-level domain registry for all .com domain names, including <badboyreport.com>.   As such, VeriSign controls the principal instrument through which BadBoyReport infringes on CheaterVille's intellectual property rights.   Moreover, upon information and belief, VeriSign receives revenue from BadBoyReport arising from its registration of <badboyreport.com>.

54.     Plaintiffs request that the Court issue orders freezing any and all assets and domain names BadBoyReport holds with PayPal and Verisign, and issue further orders freezing the transfer of any data, assets, and domain names under PayPal or VeriSign's control pending the outcome of this case.

55.     Plaintiffs request that the Court's injunctive orders require the Defendants to preserve any evidence in their possession concerning any instrumentalities of BadBoyReport's infringement, and not permit any Defendant to alter, delete, modify, remove, move to another server, or remove the registrar of, any of BadBoyReport's website or Internet services.

56.     Plaintiffs seek no monetary relief from PayPal or Verisign.   Nor do Plaintiffs directly accuse these Defendants of wrongdoing.   Plaintiffs have named PayPal and VeriSign as defendants in order for this Court to exercise injunctive relief over them.

## V. JURY TRIAL DEMANDED

Plaintiffs demand a jury trial on all claims.

## VI. REQUEST FOR RELIEF

Plaintiffs respectfully request relief as follows:

1.     The Court enter an order finding that Defendant BadBoyReport willfully violated Plaintiffs' trademark rights;

2.     The Court enter an order finding that BadBoyReport knowingly provided false copyright management information upon CheaterVille's content with the intent to conceal and facilitate infringement under 17 U.S.C. § 1202(a);

3.     The Court enter an order finding that BadBoyReport knowingly and intentionally removed CheaterVille's copyright management information from the content BadBoyReport copied and re-distributed from the CheaterVille website, with the intent to conceal and facilitate infringement under 17 U.S.C. § 1202(b);

4.     The Court enter an order finding that BadBoyReport unjustly profited from the benefits Plaintiffs conferred upon it;

5.     The Court enter a preliminary and final order directing VeriSign to pace a registry lock on <badboyreport.com> and any other domain names controlled by BadBoyReport pending the outcome of this case;

6.     The Court enter a preliminary and final order directing PayPal to freeze all assets and funds it holds or acquires in any account of BadBoyReport, pending the outcome of this case;

7.     The Court enter an order directing BadBoyReport to pay damages to Plaintiffs including:

a.     An award of compensatory, consequential, and punitive damages against BadBoyReport.com in an amount to be proven at trial;

b.     Statutory Damages of $25,000 per violation of 17 U.S.C. § 1202 as provided under 17 U.S.C. § 1203(c)(3)(B), for a total of $40,000,000;

c.     An award of Plaintiff's attorneys' fees and costs in prosecuting this action pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 505; and

\\
\\
\\
\\
\\
\\

8.    The Court grant to Plaintiffs whatever further relief it deems necessary and appropriate.

Dated: April 19, 2013                              Respectfully submitted,

                                                     /s/ Ronald D. Green
                                                   Marc J. Randazza, NV Bar # 12265
                                                   Ronald D. Green, NV Bar #7360
                                                   J. Malcolm DeVoy IV, NV Bar #11950
                                                   Randazza Legal Group
                                                   6525 W. Warm Springs Road, Suite 100
                                                   Las Vegas, NV 89118
                                                   888-667-1113
                                                   305-437-7662 fax
                                                   ecf@randazza.com